998 So.2d 1166 (2008)
SANTA ROSA GOLF ASSOCIATES, INC., Appellant,
v.
William M. HARAWAY, III, and Dana Haraway, Husband and Wife, Appellees.
Cornerstone Development Group, Inc., Appellant,
v.
William M. Haraway, III, and Dana Haraway, Husband and Wife, Appellees.
Nos. 1D07-5772, 1D07-5959.
District Court of Appeal of Florida, First District.
December 12, 2008.
Rehearing Denied January 28, 2009.
*1167 Bruce D. Partington and Jeremy C. Branning of Clark, Partington, Hart, Larry, Bond & Stackhouse, Pensacola, for Appellant Santa Rosa Golf Associates, Inc.
Sherry Grant Hall of Hall & Runnels, P.A., Destin, for Appellant Cornerstone Development Group, Inc.
Michael W. Kehoe and Robert O. Beasley of Litvak Beasley & Wilson, LLP, Pensacola, for Appellees.
PER CURIAM.
As these two cases originated from one trial and as the appellants raise the same arguments in both cases, we consolidate the two cases for the purposes of this opinion. In this negligence action, the trial court entered final judgment in favor of the appellees, William and Dana Haraway, and against the appellants, Santa Rosa Golf Associates, Inc., and Cornerstone Development Group, Inc., jointly and severally, in the amount of $135,000. With respect to the appellants' argument that the trial court erred in adopting both the cost of repairs and the diminution in value as the measure of damages, we agree and reverse and remand. With respect to the appellants' other arguments, we affirm without discussion.
Generally, damages for the wrongful injury of property are measured either by the diminution in the value of the property, referred to as the diminution in value rule, or by the costs of repairing or restoring the property to its condition prior to the injury, referred to as the restoration rule. See Davey Compressor Co. v. City of Delray Beach, 639 So.2d 595, 596 (Fla.1994). If the cost of repairs or restoration is less than the diminution in value, then the law requires that damages be measured by the costs of repairs or restoration. If the cost of repairs or restoration exceeds the diminution in value or if repairing or restoring the property is impracticable, then the law requires that damages be measured by the diminution in value. Restricting the costs of repairs or restoration to the diminution in value is a means to prevent plaintiffs from being overcompensated or from receiving overlapping recovery. Id.
In the instant case, the trial court erroneously adopted both the cost of repairs and the diminution in value as the measure of damages. Instead, the trial court should have adopted only the cost of repairs as the measure of damages. The cost of repairs did not exceed the diminution in value and there was no evidence that repairing the appellees' property was impracticable.
AFFIRMED in part, REVERSED in part, and REMANDED to the trial court with directions to enter an amended final judgment consistent with this opinion.
ALLEN, PADOVANO, and ROBERTS, JJ., concur.